IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

———————————

No. 26-1657

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

WILLIAM FRANCIS GALVIN, in his official capacity as Secretary of
the Commonwealth of Massachusetts,

Defendant-Appellee

COMMON CAUSE; JANE DOE INC.; JUAN PABLO JARAMILLO,

Defendants-Intervenors-
Appellees

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

———————————

UNITED STATES' MOTION
TO CONSOLIDATE APPEALS

———————————

Plaintiff-appellant United States respectfully moves this Court, pursuant to Federal Rules of Appellate Procedure 3(b)(2) and 27(a), for an order consolidating this appeal with the appeals in *United States v. Amore,* No. 26-1665, and *United States v. Bellows,* No. 26-1676. In

support of this motion, the United States submits:

1.    The United States filed three underlying actions in the District of Maine, the District of Rhode Island, and the District of Massachusetts, on September 16, 2025; December 2, 2025; and December 11, 2025, respectively. *See United States v. Bellows*, No. 1:25-cv-468 (D. Me.) (*Bellows*) Doc. 1; *United States v. Amore*, No. 1:25-cv-639 (D.R.I.) (*Amore*) Doc. 1; *United States v. Galvin*, No. 1:25-cv-13816 (D. Mass.) (*Galvin*) Doc. 1. In each case, the United States sought production of the State's statewide voter registration list under the Civil Rights Act of 1960 (CRA). *See Bellows*, Doc. 1, at 17-18; *Amore*, Doc. 1, at 7-8; and *Galvin*, Doc. 1, at 7-8.

2.    In each case, defendants and intervenors-defendants moved to dismiss the United States' suit for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Bellows*, Docs. 53-54, 61; *Amore*, Docs. 25-26, 28; *Galvin*, Docs. 49, 52, 56. The district courts dismissed each case. *Bellows*, Doc. 114; *Amore*, Doc. 51; *Galvin*, Doc. 93. The United States filed a Notice of Appeal in *Galvin* on June 1, 2026 (Doc. 95); in *Amore* on June 3, 2026 (Doc. 53); and in *Bellows* on June 5, 2026 (Doc.

116).

3.     These appeals present overlapping legal questions regarding the Attorney General's authority under the CRA to obtain Statewide Voter Registration Lists (SVRLs) and other information regarding SVRL list maintenance from state election officials. The facts alleged in all three cases are highly similar. *Compare Bellows*, Doc. 1, at 9-16 (¶¶ 31-55), *and Amore*, Doc. 1, at 4-7 (¶¶ 16-26), *with Galvin*, Doc. 1, at 4-7 (¶¶ 16-27).

Consolidation of these appeals would avoid needless repetition and duplication of the briefing in these cases, thereby assisting the Court in its timely review of the United States' appeals. Each case requires the interpretation of Title III of the CRA as it applies to a request for an SVRL.

The operative provision states:

> Any record or paper required by section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative. This demand shall contain a statement of the basis and the

- 3 -

purpose therefor.

52 U.S.C. 20703. The question before the Court in each case is whether this provision applies to the SVRL required to be created and maintained under the Help America Vote Act and the National Voter Registration Act. *See* 52 U.S.C. 21081, 21083.

4.      In this same context, the Ninth Circuit recently recognized the efficiency of adjudicating similar cases under the CRA together. In *United States v. Weber*, No. 26-1232 (9th Cir. oral argument held May 19, 2026) (C.A. Doc. 37), and *United States v. Oregon*, No. 26-1231 (9th Cir. oral argument held May 19, 2026) (C.A. Doc. 25), the Ninth Circuit ordered that the two appeals proceed on identical briefing deadlines with back-to-back oral arguments before one panel.[1]

5.      Such efficiency is particularly important given the time-sensitive nature of the Attorney General's records requests, which are

---

[1] Although the court initially denied the United States' request to formally consolidate the appeals, the merits panel appeared prepared during oral argument to revisit that procedural decision. Oral Argument 30:55-31:10, *Oregon*, https://www.ca9.uscourts.gov/cases/streams-videos/archive?case=26-1231&hearingDate=2026-05-19 (last visited June 10, 2026).

intended to evaluate Massachusetts's, Rhode Island's, and Maine's compliance with federal election laws in the lead-up to the 2026 election.

6.      The United States also requests that, upon consolidation, it be permitted to file a single consolidated appellant brief in these appeals.

7.      Counsel for defendants and defendants-intervenors have been informed of the United States' intent to file this Motion.  Secretary Galvin and the NAACP and Common Cause intervenors intend to oppose.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests an order consolidating the appeals in *United States v. Galvin*, No. 26-1657; *United States v. Amore*, No. 26-1665; and *United States v. Bellows*, No. 26-1676.

<div style="margin-left: 50%">

Respectfully submitted,

HARMEET K. DHILLON
  Assistant Attorney General

JESUS A. OSETE
  Principal Deputy Assistant
  Attorney General

s/ Andrew G. Braniff
ANDREW G. BRANIFF
CHRISTOPHER C. WANG
JOSHUA R. ZUCKERMAN
  Attorneys
  Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, D.C. 20044-4403
  (202) 532-3803

</div>

Date: June 12, 2026

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I certify that the foregoing motion:

(1)    complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 722 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f); and

(2)    complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Century Schoolbook font.

s/ Andrew G. Braniff
ANDREW G. BRANIFF
 Attorney

Date:  June 12, 2026

## CERTIFICATE OF SERVICE

I certify that on June 12, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

<div align="right">

s/ Andrew G. Braniff
ANDREW G. BRANIFF
 Attorney

</div>

Date: June 12, 2026